**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

MATTHEW THOMAS SKEENS,

      Plaintiff,

          v.                    CAUSE NO. 3:26-CV-310-TLS-APR

JEFFERSON,

      Defendant.

**OPINION AND ORDER**

Matthew Thomas Skeens, a prisoner without a lawyer, filed a complaint raising claims which arose at the Westville Correctional Facility in 2025. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Skeens alleges he was attacked by fellow inmates on February 13, 2025. They stopped when Officer Jefferson approached and saw him severely bleeding from the head, a puddle of blood at his feet, and his arm bent at an odd angle. Skeens told her he was in severe pain. His attackers "continued to threaten [his] life." ECF 1 at 3. Skeens alleges Officer Jefferson provided no medical assistance, did not provide him any protection from future attacks, and told them to "get this shit cleaned up and stay off camera." *Id*. He alleges he was subsequently attacked multiple times. These allegations state two claims against Officer Jefferson.

To assert a violation of the Eighth Amendment right to medical care, a prisoner must allege (1) he had an objectively serious medical need and (2) the defendant acted with deliberate indifference to that medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). This complaint states a denial of medical treatment claim against Officer Jefferson.

To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Because he was attacked again in the days or weeks after February 13, 2025, this complaint states a failure to protect claim against Officer Jefferson for those subsequent attacks.

Skeens alleges he showed his arm and five stab wounds to Sgt. Lowery and Sgt. Gutiurez a few hours later. He told them he was seriously injured. They refused to take him for medical assistance and told him to fill out a medical request form. Skeens alleges he then went to the "med line" where Nurse Janet refused him immediate medical treatment and told him to put in a medical request. ECF 1 at 3. Since Skeens was able to quickly contact a nurse without the assistance of Sgt. Lowery or Sgt. Gutiurez and because that nurse also told him to fill out a medical request form, it cannot be plausibly inferred that he would have gotten additional treatment even if they had taken him to the nurse. This complaint does not state a claim against Sgt. Lowery or Sgt. Gutiurez.

As for Nurse Janet, "[f]or a medical professional to be … deliberate[ly] indifference to an inmate's medical needs, he must make a decision that represents such a substantial departure

from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008) (quotation marks and citations omitted). "In the inadequate medical care context, deliberate indifference does not equate to medical malpractice; the Eighth Amendment does not codify common law torts. It is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir. 2021) (cleaned up). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). "[A] disagreement with medical professionals . . . does not state a cognizable Eighth Amendment claim . . .." *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it

has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). This complaint does not state a claim against Nurse Janet because it does not provide facts from which it can be plausibly inferred she substantially departed from accepted professional judgment when she refused Skeens immediate medical treatment.

Skeens alleges that over the weekend, he asked for medical assistance from Officer McCaully, Officer Campbelle, Sgt. Dragoo, Sgt. Thompson, and Sgt. Brown, but none helped him. It is unclear what he told them or if his condition had changed since he saw Nurse Janet, but it is clear non-medical staff may rely on medical experts and are "entitled to relegate to the prison's medical staff the provision of good medical care." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). The complaint does not provide facts from which it can plausibly inferred that Officer McCaully, Officer Campbelle, Sgt. Dragoo, Sgt. Thompson, or Sgt. Brown were deliberately indifferent to his need for medical assistance.

Skeens alleges that on Monday, Nurse Ashley and Nurse Kelly looked at his wounds, sent him to x-ray, told him his arm was broken, and fitted him with a temporary cast until he could be transported to an outside Orthopedic specialist. It is unclear why he is suing Nurse Ashely and Nurse Kelly, but there is no indication they acted outside the scope of professional judgment.

Skeens alleges he approached Capt. Herr who made a vulgar comment and walked away. This does not state a claim because verbal abuse alone is insufficient to state a claim. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000).

Skeens alleges he was surprised to be called for physical therapy the next week, because he expected he was going to the outside Orthopedic specialist. The physical therapist was surprised to see him in a cast and checked his medical records to discover there was no record of his broken arm, x-rays, or an outside appointment. Skeens sues Dr. Liaw even though he never saw him for these injuries. This complaint does not state a claim against Dr. Liaw because it provides no facts from which it can be plausibly inferred that Dr. Liaw knew anything about these medical problems. To the extent Skeens is attempting to sue someone because his medical records were incomplete, medical malpractice and negligence are insufficient to state a claim under the Eighth Amendment. *Johnson*, 5 F.4th at 825.

Skeens also sues Internal Investigator Burkett, Internal Investigator J. Washington, Internal Investigator R. Lee, Internal Investigator Johnson, and Nurse Nichole, but he does not mention them in the body of the complaint or explain how they were personally involved and violated his rights. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). This complaint does not state a claim against Internal Investigator Burkett, Internal Investigator J. Washington, Internal Investigator R. Lee, Internal Investigator Johnson, or Nurse Nichole.

For these reasons, the court:

(1) GRANTS Matthew Thomas Skeens leave to proceed against Officer Jefferson in her individual capacity for compensatory and punitive damages for failing to provide him medical treatment after he was attacked by fellow inmates on February 13, 2025, in violation of the Eighth Amendment;

(2) GRANTS Matthew Thomas Skeens leave to proceed against Officer Jefferson in her individual capacity for compensatory and punitive damages for failing to protect him

from attack from fellow inmates in the days and weeks after he was attacked on February 13, 2025, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Lowery, Gutiurez, Dragoo, Brown, Thompson, Campbelle, McCaulley, Herr, Burkett, J. Washington, R. Lee, Johnson, Liaw, Kelly, Ashley, Janet, and Nichole;

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Officer Jefferson at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(6) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Officer Jefferson to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 20, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

6